UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT KERN,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | No. 2:20-cv-1572-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed an application seeking leave to proceed in forma pauperis. ECF No. 2. His application makes the required showing and is granted. His petition, however, does not state a cognizable federal habeas claim for the reasons explained below.

    I.    <u>Legal Standards</u>

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing Section 2254 Cases.

/////

1

## II. Analysis

The petition raises only one claim – that the state sentencing judge imposed a sentence that was unauthorized and excessive in light of facts determined by the judge rather than the jury. ECF No. 1 at 4-5. Petitioner also states, however, that he plead guilty as part of a plea deal. *Id.* at 2-3. And it is well settled that a criminal defendant may waive his right to a jury trial if such waiver is voluntary, intelligent, and knowing. *See Brown v. Burns*, 996 F.2d 219, 221 (9th Cir. 1993). Moreover, there is no explicit claim in the petition attacking the constitutional adequacy of petitioner's decision to plead guilty rather than submit his case to a jury – indeed elsewhere in the petition he states that he is challenging "only sentence not [the] plea." ECF No. 1 at 9.

With respect to the constitutionality of the petitioner's sentence, it is well settled that a state's violation of its own sentencing laws is insufficient to invoke a cognizable federal habeas claim. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law."); *see also Christian v. Rhode*, 41 F.3d 461, 469 ( 9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). Nothing in the petition, taken as true, establishes that the state court's sentencing was so "fundamentally unfair" as to establish a violation of his constitutional due process rights. To show as much, petitioner would be required to demonstrate that the sentence was "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992).

Based on the foregoing, it is recommended that the petition be dismissed.

## III. Conclusion

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 2) is GRANTED; and
2. The Clerk is directed to randomly assign a United States District Judge to this case.

/////

/////

/////

2

1   Further, it is RECOMMENDED that the petition (ECF No. 1) be DISMISSED for failure to state a cognizable federal habeas claim and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 22, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE